FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2007 FEB 20 P 2: 07

JACKSONVILLE DIVISION

| | |
|---|---|
| ANTONIO VASQUEZ, ) | |
| ALEJANDRA AGUIRRE, ) | |
| ALFREDO ARISTED, ) | 3:07-cv-119-J-32TEM |
| JULIA BACILIA VICTOR, ) | |
| LORENZO BAUTISTA, ) | |
| AURELIA BONIFACIO, ) | |
| ROGELIO CANO, ) | |
| FREDI CARBAJAL-JERONIMO, ) | |
| JABIER CARBAJAL, ) | |
| ROBY CARBAJAL, ) | |
| ANATOLIO CHAVEZ, ) | |
| MAURELIA CRISTOBAL, ) | |
| SIMON CRISTOBAL-SOLANO, ) | |
| MODESTO CRISTOBAL-VASQUEZ, ) | |
| MINERVA De JESUS, ) | |
| ANSELMO De La CRUZ, ) | |
| JUANA De La CRUZ-MARCO, ) | |
| ISUARA De Los SANTOS, ) | |
| ISMAEL DIAZ, ) | |
| DANIEL DIAZ-HERNANDEZ, ) | |
| JAVIER DIAZ-MORALES, ) | |
| RUFINO EVARISTO-MARTINEZ, ) | CIVIL ACTION |
| JUAN FLORES, ) | |
| MANUEL FLORES, ) | |
| MARCELO FLORES-MARTINEZ, ) | No. _____ |
| LAZARO FLORES-SALVADOR, ) | |
| JACINTO FRANCISCO, ) | |
| MARIA GABRIEL, ) | |
| ARMANDO GALLEGOS, ) | **CLASS ACTION** |
| JOSE GARCENCIO, ) | |
| ALEJANDRA GARCIA, ) | |
| ANASTACIO GARCIA, ) | |
| MARIANO GARCIA, ) | |
| OFELIA GARCIA, ) | |
| CELESTINO GARCIA-NICOLAS, ) | |
| FRUCTOSO GOMEZ, ) | |

**RUFINA GONZALEZ,**                               )
**MAURILLO GONZALEZ-GREGORIO,** )
**ROMUALDA GREGORIO,**                    )
**RUTILIO GUERRERO,**                         )
**RODRIGO GUZMAN-HILARIO,**          )
**ROSALINDA GUZMAN-VASQUEZ,**     )
**ELIASIN HERNANDEZ,**                      )
**JUAN HERRERA,**                                )
**ADELINA HILARIO,**                          )
**ADOLFO HILARIO,**                           )
**BERNARDO HILARIO-ANASTACIO,**   )
**ELIDETH HILARIO-GUZMAN,**            )
**DOMINGO HILARIO-HESIQUIO,**        )
**MIGUEL JERONIMO,**                         )
**ANIBAL JERONIMO-GARCIA,**            )
**FREIDI JERONIMO-GARCIA,**             )
**ISAIAS JIMENEZ,**                              )
**RICARDO JIMENEZ,**                         )
**CRISTINO JUAREZ,**                          )
**ANTONIO LOPEZ,**                             )
**DOMINGO LOPEZ,**                           )
**FELIX LOPEZ,**                                  )
**OSCAR LOPEZ,**                                )
**PETRA LOPEZ,**                                )
**SAVINO LOPEZ,**                               )
**ANTONIO LOPEZ-ORTIZ,**                 )
**MAURILIO MARES,**                          )
**AMADEO MARTINEZ,**                      )
**AMELIA MARTINEZ,**                        )
**LAURA MARTINEZ,**                         )
**RAUL MARTINEZ,**                            )
**ZENAIDA MARTINEZ,**                     )
**CARLOS MENDOZA,**                        )
**GERMAN MENDOZA,**                      )
**ANGEL MESA,**                                 )
**CELSO MESA,**                                 )
**LUIS MESA,**                                    )
**SAULO MESA,**                                 )
**FELIPE MEZA,**                                 )
**VALENTIN MEZA,**                           )
**ARACELI MORALES,**                       )
**FIDEL MORALES,**                            )
**RIGOBERTO MORALES,**                   )

| | |
|---|---|
| RAFAELA MORALES-BAUTISTA, | ) |
| ELENA NAVA, | ) |
| MICAELA AGAPITO NICOLAS, | ) |
| VICTOR NICOLAS, | ) |
| ROSA ORTIZ, | ) |
| EDGAR OSORIO, | ) |
| ANTONIA PEREZ, | ) |
| SAUL PEREZ, | ) |
| MACARIO PEREZ-FRANCISCO, | ) |
| FELIPE PONCE, | ) |
| GERMAN RAMIREZ, | ) |
| LUIS RAMIREZ, | ) |
| GABRIEL REYES, | ) |
| FREDY RIGO, | ) |
| PATRICIA ROQUE, | ) |
| ARMANDO SANCHEZ, | ) |
| FAVIAN SANCHEZ, | ) |
| NORMA SANTANA, | ) |
| ALEJANDRO SANTIAGO, | ) |
| FELIPE SANTIAGO, | ) |
| HERMELINDO SANTIAGO, | ) |
| HERMELINDO SANTIAGO, | ) |
| MARCELO SANTIAGO, | ) |
| SALVADOR SANTIAGO, | ) |
| CRISTINA SILVA-MEDEL, | ) |
| NATIVIDAD TORIBIO-MARTINEZ, | ) |
| RUMALDO TRINIDAD, | ) |
| MICHELLE I. URBINA, | ) |
| DANIEL URRABAS, JR. | ) |
| ANTONIA VASQUEZ, | ) |
| JAIME D. VASQUEZ, | ) |
| JUAN VASQUEZ, | ) |
| RAUL VASQUEZ, | ) |
| MARIO VASQUEZ-LOPEZ, | ) |
| SAVINA VASQUEZ-MORALES, | ) |
| ISABEL DIAZ VELASQUEZ, | ) |
| MARCELINA VENTURA, | ) |
| ANDRES VICENTE, | ) |
| RUFINO VICENTE, | ) |
| SANTIAGO VICENTE, | ) |
| MARTA VICTORIA, | ) |
| VERONICA WUATLA, | ) |
| REUSEL ZAPATA-HERNANDEZ and | ) |

| | |
|---|---|
| **NICOLAS ZURITA-LOPEZ,** individually and on behalf of all other persons similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| **AG-MART PRODUCE, INC.,** | ) ) ) |
| Defendant. | ) ) ) |

# COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, INJUNCTIVE RELIEF and COSTS OF LITIGATION

## INTRODUCTION

1. This is an action by 123 migrant farmworkers to redress and vindicate rights afforded them under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801, *et seq.* ("AWPA").

2. The Plaintiffs complain of pervasive violations of the AWPA's housing requirements during the 2006 grape tomato season in and near Hamilton County, Florida. Throughout the 2006 grape tomato season, the Plaintiffs and the other members of the classes resided in unpermitted and substandard motel units controlled by Defendant Ag-Mart Produce, Inc. Among other things, the motel units occupied by the Plaintiffs and the class members were overcrowded, lacked beds as required by law and did not offer facilities for cooking and food storage.

3. The Plaintiffs seek damages, declaratory relief and injunctive relief on behalf of themselves and hundreds of other Ag-Mart employees who were housed in these unpermitted and substandard motel units during the 2006 grape tomato season.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 29 U.S.C. § 1854(a), this action arising under the AWPA.

5. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 29 U.S.C. § 1854(a).

## PARTIES

7. The Plaintiffs are adult farmworkers who maintain their respective permanent places of residence in Mexico. At all times relevant to this action, the Plaintiffs were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A), in that each of them was employed in agricultural employment of a seasonal or temporary nature and was required to be absent overnight from his or her permanent place of residence.

8. Defendant AG-MART PRODUCE, INC. ("Ag-Mart") is a Florida corporation. Doing business as Santa Sweets, Inc., Defendant Ag-Mart Produce grows grape tomatoes at various

locations in Florida, North Carolina and New Jersey, including at a site near Jennings, Hamilton County, Florida.

## CLASS ACTION ALLEGATIONS

9. All claims set forth in this Complaint are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

10. The Plaintiffs seek to represent a class consisting of all migrant agricultural workers employed by Ag-Mart or Santa Sweets, Inc. during the 2006 north Florida grape tomato season with respect to whom moneys were withheld from their wages for accommodations at motels in the area.

11. The precise number of individuals in the class is known only to Ag-Mart. The class is believed to include over 500 individuals. The class is are comprised of indigent migrant workers who maintain their permanent homes throughout Mexico. The class members are not fluent in the English language and are unfamiliar with the legal system of the United States. The relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of the class members makes the maintenance of individual actions by each class member economically infeasible. Joinder of all class members is impracticable.

12. There are questions of fact common to the class. These common questions of fact include whether within the meaning of the AWPA, Ag-Mart controlled the housing facilities in which the Plaintiffs and the other class members resided during the 2006 north Florida grape tomato season.

13. There are questions of law common to the classes. These common legal questions include whether Ag-Mart was subject to the housing provisions of the AWPA, 29 U.S.C. § 1823 with regard to the housing facilities occupied by the class members near Jennings, Florida during the 2006 north Florida grape tomato season.

14. The Plaintiffs' claims are typical of those of the class, and these typical, common claims predominate over any questions affecting only individual class members. The Plaintiffs have the same interests as do the other members of the class and they will vigorously prosecute these interests on behalf of the class.

15. The Plaintiffs' counsel has handled numerous class actions in the federal courts, including class actions under the AWPA. The Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously prosecute this action.

16. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy, *inter alia*:

a. The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b. Many members of the class are unaware of their rights to prosecute these claims and lack the means and resources to secure legal assistance;

c. There has been no litigation already commenced against Ag-Mart by the members of the class to determine the questions presented with respect to the 2006 north Florida grape tomato season;

d. It is desirable that the claims be heard in this forum because Ag-Mart has significant

contacts with this District and the claims arise within this District;

    e. A class action can be managed without undue difficulty because Ag-Mart has regularly committed the violations complained of herein, and is required to maintain detailed records concerning each member of the class.

## CLAIM FOR RELIEF

## (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

17. The Plaintiffs bring this claim on behalf of themselves and the other members of the class for damages, declaratory relief and injunctive relief with respect to the Defendant's violations of the housing provisions of the AWPA and its attendant regulations during the 2005 grape tomato season in and near Jennings, Florida.

18. The Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 16 of this Complaint.

19. Prior to the commencement of the 2006 grape tomato season, Ag-Mart contracted with Ajay Gandhi, a local motel operator in Hamilton County, to arrange for housing for Ag-Mart's employees in area motels. Pursuant to this agreement, Gandhi negotiated with area motel operators to make large numbers of motel rooms available for occupancy by Ag-Mart employees during the growing and harvest seasons. Ag-Mart supervisors contacted Gandhi as to the estimated arrival dates of the workers and the number of rooms needed. Armed with this information, Gandhi secured motel rooms for the Ag-Mart workers as requested. Ag-Mart paid Gandhi for these rooms, collecting a portion of the room charges from the wages of its employees occupying the various rooms.

20. The Plaintiffs and the other members of the class were employed by Ag-Mart for employment on Ag-Mart's north Florida farm near Jennings, Florida at various times during 2006. Among other things, the Plaintiffs and the other class members assisted in the planting, cultivating and harvesting of the grape tomato crops, as well as post-harvest activities.

21. Throughout the period they were employed by Ag-Mart as described in Paragraph 20, the Plaintiffs and the other members of the class were housed in motel rooms in the Jennings area, including sites in south Georgia, provided to them pursuant to Gandhi's contract with Ag-Mart.

22. Throughout the period during which the Plaintiffs and the other members of the class resided at the facilities described in Paragraph 21 during the 2006 grape tomato season, the accommodations provided to them in these facilities were controlled and provided by Ag-Mart within the meaning of the AWPA, 29 U.S.C. §§1821(c) and 1823(a), and its attendant regulations, 29 C.F.R. §§500.75(f) and 500.130(c). Ag-Mart withheld rent for these rooms from the wages of the Plaintiffs and the other members of the class.

23. In violation of the AWPA, 29 U.S.C. §1823(b)(1), and its attendant regulations, 29 C.F.R. §500.135(a), Ag-Mart permitted the Plaintiffs and the other members of the class to occupy the facilities described in Paragraph 21 without these facilities having been certified by a State or local health authority or other appropriate agency as meeting applicable safety and health standards relating to migrant labor housing.

24. In violation of the AWPA, 29 U.S.C. §1823(a), and its attendant regulations, 29 C.F.R. §500.130, Ag-Mart failed to ensure that the accommodations provided to the Plaintiffs and the other members of the class as described in Paragraph 21 complied with substantive Federal and State safety and health standards applicable to the housing. Among other things:

- Beds were not provided for each occupant, with a number of the occupants being forced to either share beds with non-family members or sleep on the floor (Florida Administrative Code 64E-14.018(1) and 29 C.F.R. § 1910.142(b)(3));

- Cooking facilities were not provided (Florida Administrative Code 64E-14.017(2) and 29 C.F.R. § 1910.142(i));

- Refrigeration facilities were not provided (Florida Administrative Code 64E-14.017(2));

- Private living quarters did not provide a minimum of 50 square feet for each occupant (Florida Administrative Code 64E-14.007(3) and 29 C.F.R. § 1910.142(b)(2));

- Toilet facilities were not provided as required by law (29 C.F.R. § 1910.142(d)).

25. Ag-Mart failed to post in a conspicuous place or to present to the Plaintiffs and the other members of the class a written statement of the terms and conditions of occupancy of the housing facilities described in Paragraph 21, as required by the AWPA, 29 U.S.C. §1821(c), and its implementing regulations, 29 C.F.R. §500.75(f).

26. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of Ag-Mart and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

27. As a result of Ag-Mart's violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs and the other members of the class have suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

(a) Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) Declaring that Ag-Mart has intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations;

(c) Granting judgment in favor of the Plaintiffs and the other members of the class and against Ag-Mart on their claims under the Migrant and Seasonal Agricultural Worker Protection Act, and awarding each of them his or her actual damages (plus prejudgment interest) or $500 in statutory damages, which ever is greater, for every violation of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations as set forth in this Complaint;

(d) Permanently enjoining Ag-Mart from further violations of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations;

(e) Awarding the Plaintiffs the costs of this action;

(f) Granting such other relief as this Court deems just and equitable.

Respectfully submitted,

_____
Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida   33460-3819
Telephone:     (561) 582-3921
Facsimile:     (561) 582-4884


Attorney for Plaintiffs