FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2010 NOV 19  PM 2: 02

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

SAULO MESA, ET AL,

        Plaintiffs,

vs.                 Case No.  2:07-cv-47-FtM-36DNF

AG-MART PRODUCE, INC.,

        Defendant.

_____

JAVIER DIAZ-MORALES, individually
and on behalf of all other persons
similarly situated; JOEL ALVAREZ
individually and on behalf of all
other persons similarly situated;
ISMAEL DIAZ individually and on
behalf of all other persons
similarly situated; CRISTINO JUAREZ
individually and on behalf of all
other persons similarly situated;
MANUEL FLORES individually and on
behalf of all others similarly
situated; MARCELO FLORES
individually and on behalf of all
others similarly situated; ADELA
BRAVO MACEDO individually and on
behalf of all others similarly
situated; MARCELINA VENTURA
individually and on behalf of all
others similarly situated,

        Plaintiffs,

vs.                 Case No.  2:08-cv-844-FtM-36SPC

AG-MART PRODUCE, INC.,

        Defendant.

_____

PABLO ROJAS-CRISTOBAL; ALFREDO
ARISTEO-AGUSTIN; MARIA GABRIEL-
ANTONIO individually and on behalf
of all other persons similarly
situated,

                    Plaintiffs,

vs.                                    Case No.   2:09-cv-386-FtM-36SPC

AG-MART PRODUCE, INC.,

                    Defendant.

_____

JAIME CHAVEZ-GUILLERMO; IRMA ANDRES-
HERNANDEZ; APOLINAR DEJESUS; RODRIGO
ROJAS-CRISTOBAL,

                    Plaintiffs,

vs.                                    Case No.   2:09-cv-387-FtM-36SPC

AG-MART PRODUCE, INC.,

                    Defendant.

_____

DELFINO     MORALES-CERVANTES,
Individually and on behalf of all
other persons similarly situated,

                    Plaintiffs,

vs.                                    Case No.   2:10-cv-69-FtM-36SPC
                                       (formally: 3:05-cv-1275-J-25HTS)

AG-MART PRODUCE, INC.,

                    Defendant.

_____

ELOY RENTERIA-MARIN, SIMON GALINDO-
HILARIO,   ANSELMO   FUENTES-ZAVALA,
DELFINO MORALES-CERVANTES, RAFAEL DE
LA CRUZ-GARCIA, on behalf of himself
and all others similarly situated,

                    Plaintiffs,

vs.                                    Case No.   2:10-cv-128-FtM-36SPC
                                       (formally: 3:01-cv-1392-J-25MCR)

AG-MART PRODUCE, INC., and GREEN
STRIPE, INC.,

                Defendants.

_____

MARINO PEREZ-ALVINO, on behalf of
himself and all others similarly
situated,

                Plaintiffs,

vs.                Case No.   2:10-cv-129-FtM-36DNF
                      (formally: 3:02-cv-627-J-25MCR)

AG-MART PRODUCE, INC. and GREEN
STRIPE, INC.,

                Defendants.

_____

ANTONIO VASQUEZ, on behalf of
himself and all others similarly
situated,

                Plaintiffs,

vs.                Case No.   2:10-cv-130-FtM-36SPC
                      (formally: 3:07-cv-119-J-25TEM)

AG-MART PRODUCE, INC.,

                Defendant.

_____

## OPINION AND ORDER

      This matter came before the Court on consideration of the
parties' Joint Motion for Approval and Stipulation for Settlement
of This and Seven (7) Other Lawsuits Pending Before the United
States District Court for the Middle District of Florida (Doc. #65)

filed on January 21, 2010. The Court held a hearing on November 18, 2010.

On July 18, 2008, the Court entered an Order (Doc. #27) adopting a Report and Recommendation (Doc. #22), as supplemented, and granting plaintiffs' Motion for Declaration of a Class Action. The following class was certified:

> All migrant and seasonal agricultural workers, as defined by the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1801 et seq., who were employed on a piece-rate basis by Ag-Mart Produce, Inc., at its operations in Florida from June 1, 2005, through July 31, 2006, inclusive. These piece-rate tasks include laying plastic, irrigation, planting, staking, tying, picking, and removing plastic and stakes post-harvest.

(Doc. #27, p. 5.)[1] On September 19, 2008, the undersigned approved the Notice of Class Action. On February 10, 2009, the Court issued an Order dismissing certain claims of the plaintiffs, with the exception of Rodrigo Guzman-Hilario and Araceli Morales (Doc. #47), and later vacated the Order as to Maria Gabriel, Freide Jeronimo-Garcia a/k/a Freidi Carbajal Jeronimo, Macaela Agapito Nicholas, and Veronica Wuatla. (Doc. #49.)

On January 21, 2010, the joint request for approval of settlement now before the Court was filed. The proposed settlement was served and notice and provided to the Attorney General of the United States and of several states pursuant to 28 U.S.C. § 1715. (Doc. #66.) On April 7, 2010, the Honorable Charlene Edwards

---

[1]Each of the cases were individually certified under the same definition, but for varying time periods.

-4-

Honeywell entered an Order (Doc. #73) tentatively approving the proposed settlement, making a preliminary finding that the Settlement Agreement and Release of Claims (Doc. #65-1) was fair, reasonable, and sufficient to warrant submitting it to the class, finding that the proposed settlement was reached by extensive arms-length negotiations between counsel, approving the form of notice and its distribution, and setting the fairness hearing.  This Order, along with the approved notice, was also provided to the Attorney Generals.  (Doc. #74.)

On November 18, 2010, the Court conducted a hearing to review the fairness of the settlement agreement and consider any objections.  No individuals appeared to raise objections to the settlement, and no objections were filed with the Clerk of Court by the deadline of November 1, 2010.  (Doc. #74-1.)  The Court heard from counsel for plaintiffs and counsel for defendants, who explained the settlement process as well as the extensive notice efforts made in this case.  Counsel for all parties agree that the settlement is fair and reasonable as to all parties.

Accordingly, it is hereby

**ADJUDGED:**

1.  The terms of the settlement contemplated herein are found in the Settlement Agreement and Release of Claims (Doc. #65-1) previously filed with the Court and as set out herein, the terms of

which are incorporated herein and made a part hereof as set forth below.

2. The notice to the class was appropriate, and translated into Spanish for class members.

3. The settlement is fair, just, reasonable and adequate after considering among other things that the settlement was reached after good faith, arms-length negotiations by experienced and capable counsel for the parties; the amount of the settlement; the likelihood of the Plaintiffs' success in obtaining the relief prayed for; the cost, complexity and duration of the litigation if pursued to trial; the disruption of the Defendants' business from continued litigation; and other matters bearing on the best interest of the parties, including the absence of objection by any class member to the settlement contemplated by the Settlement Agreement and Release of Claims (Doc. #65-1).

4. The Defendants have complied with their notice obligations under the Class Action Fairness Act of 2005, and no federal or state officials have appeared or objected to this settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

5. In the <u>Mesa</u> case, Plaintiffs assert individual claims for violation of their rights under the Fair Labor Standards Act, 29 U.S.C. §206(a)("FLSA") with respect to all piece rate work performed on behalf of Ag-Mart anywhere in the State of Florida for the period from **June 1, 2005, through July 31, 2006**, inclusive. On

-6-

behalf of all migrant and seasonal agricultural workers as defined by the Migrant and Seasonal Agricultural Worker Protection Act ("MSPA" or "AWPA"), 29 U.S.C. § 1801, et seq., for the same period and for such work anywhere within the State of Florida, the Mesa Plaintiffs assert class and individual federal claims under MSPA because of claimed record keeping violations as to compensable hours worked and as to the adequacy and accuracy of the documentation or statements of hours worked that were provided to such workers. They also assert class and individual claims under Article X, Section 24, of the Constitution of the State of Florida and under the minimum wage provisions of the Florida Minimum Wage Act, Florida Stat. § 448.110.

6.    The other three (3) Fort Myers Division lawsuits are also filed by Plaintiffs for individual relief under the FLSA and for relief for themselves and a class they propose to represent as to alleged MSPA "recordkeeping" and related documentation violations under MSPA and Florida claims for workers at Ag-Mart's Immokalee, Florida, area operations (sometimes referenced as "the South Florida operations"), as the parties have agreed for purposes of this Agreement during respective annual periods, **August 1, 2006, through July 31, 2007**, in the Diaz-Morales case; **August 1, 2007, through July 31, 2008**, in the Rojas-Cristobal case; and **August 1, 2008, through July 31, 2009**, in the Chavez-Guillermo case.

7.    All of the lawsuits transferred from the Jacksonville Division (Morales-Cervantes; Renteria-Marin; Perez-Alvino; and Vasquez) raise individual and class claims for violation of the federal Migrant and Seasonal Agricultural Worker Protection Act as to notices and other matters related to housing that was available to workers who worked at Ag-Mart's farming operations in and around Jennings, Florida, for the seasons **2001 through 2006**, inclusive. The Defendant Ag-Mart's operations in and around Jennings, Florida, are sometimes referred to as "the North Florida operations."

8.    Defendants agree that the total Settlement Funds to be available for payments under this Agreement to all Claimants including individual Plaintiffs, Claimants' Counsel, and the Administrator hired by Claimants' Counsel shall be **no less than Seven Hundred Fifty Thousand Dollars ($750,000.00)**.    Of these minimum Settlement Funds, **Three Hundred Fifty Thousand Dollars ($350,000.00)** shall be allocated to attorney's fees and costs of litigation of Claimants' Counsel and the salary for and expenses of the previously described Administrator who will review claims, manage and make the notices and advertisements to Claimants, make payments to Claimants, and make and provide records of those actions to counsel for Defendants.    The agreed total Settlement Funds shall be no more than **One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00)**.    If the total dollar value of all claims against the maximum Settlement Funds available for payments to

-8-

Claimants, including individual Plaintiffs, exceeds **Nine Hundred Thousand Dollars ($900,000.00)**, the respective Claimants, including individual Plaintiffs, will be paid a *pro rata* share of their respective claim value based on the above specified payment amount for each lawsuit.

9. The parties are agreed that the sum of **Two Hundred Ninety Thousand Dollars ($290,000.00)** of the total minimum Settlement Fund of Seven Hundred Fifty Thousand Dollars ($750,000.00) shall be payable jointly to Migrant Farmworker Justice Project, Florida Legal Services, Inc., and Paul L. Strauss, Esquire, to resolve all claims that either and both of them have relating to matters resolved by this Agreement, for attorney's fees and costs, including salaries of attorneys and staff employed by them in the Lawsuits, in connection with seeking judicial approvals of the settlements in the Lawsuits covered by this Agreement, and in connection with all processes associated with carrying out the processes and intent of this Agreement.

10. This action is hereby **DISMISSED WITH PREJUDICE**, except to reserve jurisdiction to enforce the terms of the settlement agreement and this Opinion and Order.

11. The Clerk of the Court shall enter judgment accordingly and close the file. Any other pending motions shall be terminated by the Clerk of the Court.

**DONE AND ORDERED** at Fort Myers, Florida, this _____ day of November, 2010.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Charlene E. Honeywell
Counsel of record